IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Trey Alexander Williams, | ) | Case No. 6:19-cv-01006-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Captain McNutt, LT. Clark, Broad River | ) | |
| Correctional, Lieber Correctional, Ms. | ) | |
| Berch, Ms. Ford, SLED, McCormick | ) | |
| Correctional, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").

Plaintiff originated this case on April 3, 2019.[1] ECF No. 1. On April 12, 2019, he was directed to file certain documents to bring this case into proper form for further evaluation and possible service of process. ECF No. 7. Plaintiff has been sent two additional proper form orders and has received extensions of time to bring this case into proper form. ECF Nos. 13, 17, 23. He has continued to file documents and motions.

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that a pro se prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

ECF Nos. 11, 12, 15, 20, 22, 26, 29, 30. However, to date, this action has not been brought into proper form. On July 22, 2019, Plaintiff filed motions for preliminary injunction and to voluntarily dismiss. ECF Nos. 31, 33. On July 25, 2019, the Magistrate Judge issued Reports with respect to both motions. ECF Nos. 35, 36. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On August 1, 2019, Plaintiff filed motions to stay and for a preliminary injunction. ECF Nos. 38, 39. On August 8, 2019, he filed objections to the Reports. ECF Nos. 40, 41.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, based on the filings received after the Magistrate Judge filed his Report recommending that Plaintiff's motion to voluntarily dismiss be granted, it

2

appears that Plaintiff does intend to proceed with this action. Accordingly, the Court finds as moot Plaintiff's motion to voluntarily dismiss and the corresponding Report.

Turning to the first motion for preliminary injunction, the Magistrate Judge recommends denying the motion. The Magistrate Judge determined that because, at that time, Plaintiff had stated his intention to close the case, he could not demonstrate that he was likely to succeed on the merits. The Court respectfully declines to adopt this portion of the Report because Plaintiff's motion for voluntary dismissal has been found as moot.

The Magistrate Judge further stated that Plaintiff has not demonstrated that he is likely to succeed on the merits because he has provided nothing to substantiate the allegations contained in the complaint or the motion for preliminary injunction. In his objections, Plaintiff reiterates his unsupported allegations and requests that he be moved to another correctional institution. The Court agrees with the Magistrate Judge and adopts this portion of the Magistrate Judge's Report. *See Lal v. Felker*, C/A No. S-07-2060GEBEFB, 2010 WL 2925364, at *1 (E.D. Cal. July 26, 2010), *report adopted,* C/A No. S-07-2060 GEB EF, 2010 WL 3787011 (E.D. Cal. Sept. 24, 2010) ("Apart from plaintiff's unsupported allegations there is no evidence establishing that plaintiff is likely to prevail on his medical treatment claims, or that the injunction sought is necessary to preserve the court's ability to grant effective relief on those claims and that it is the least intrusive means for doing so."). Further, the Court agrees with the Magistrate Judge's analysis of Plaintiff's request to be moved to another correctional institution and incorporates that discussion by reference. *Olim v. Wakinekona*, 461 U.S. 238 (1983)

(holding that there is no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.).[2]

Plaintiff moves to stay this action to allow him to exhaust his administrative remedies. Plaintiff admits that he has not exhausted his claim through the administrative appeal process. 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be brought . . . until such administrative remedies as are available are exhausted." Accordingly, this motion is denied.

Therefore, the Court **FINDS as MOOT** Plaintiff's motion to voluntarily dismiss [33] and the Magistrate Judge's corresponding Report [36]. The Court adopts in part and respectfully declines to adopt in part the Magistrate Judge's Report [35] and **DENIES** Plaintiff's motion for preliminary injunction [31]. Plaintiff's second motion for preliminary injunction [39] is **FOUND as MOOT**. Plaintiff's motion to stay [38] is **DENIED**.

As stated at the beginning of the Order, Plaintiff has not yet brought this case into proper form. He is directed to file all necessary documents within 30 days plus three days mail time. Failure to do so will subject this case to dismissal without prejudice for failure to comply with an Order of this Court pursuant to Federal Rule of Civil Procedure 41(b). In light of the numerous extensions that Plaintiff has received, no further extensions will be granted <u>absent a showing of extraordinary circumstances</u>. The Clerk of Court is

---

[2] Plaintiff's second motion for preliminary injunction, while not identical, essentially restates the same facts and arguments. Accordingly, it is duplicative and is found as moot.

directed to remail a copy of the last proper form order [17] and any accompanying documents to Plaintiff along with a copy of this Order.

 IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

August 19, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.